UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRICO BAKER,

                                      No. 06-13079

       Plaintiff,                     District Judge Marianne O. Battani

v.                                  Magistrate Judge R. Steven Whalen

WAYNE CITY MICHIGAN
POLICE DEPT., ET.AL.,

       Defendants.
                                      /

**REPORT AND RECOMMENDATION**

Before the Court is Defendants' Motion to Dismiss for Failure to Timely Serve Complaint [Docket #11], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that Defendants' motion be DENIED. However, I further recommend that the Court *sua sponte* dismiss the complaint pursuant to Fed.R.Civ.P. 41(b) for Plaintiff's failure to prosecute.

**I.    FACTS**

Plaintiff filed his *pro se* civil rights complaint on July 6, 2006, along with an application to proceed *in forma pauperis* (IFP). At the time he filed the complaint, Plaintiff was a prison inmate in the custody of the Michigan Department of Corrections (MDOC). On July 31, 2006, the Court granted Plaintiff IFP status, and also ordered him

-1-

to submit additional copies of the complaint for service on the Defendants. Plaintiff submitted additional copies on August 10, 2006.

On September 6, 2006, Plaintiff filed a notice of change of address, indicating that the MDOC had transferred him to the Mound Correctional Facility in Detroit, Michigan.

On April 18, 2007, the Court ordered service of the Complaint by the United States Marshal, and the complaint was served on or about May 23, 2007.

On April 30, 2007, the Court's order directing Marshal's service, which had been sent to the Plaintiff at the address he provided to the Court, was returned as undeliverable.

On June 12, 2007, Defendants filed the instant Motion to Dismiss. In that motion, counsel stated that he did "not know the whereabouts of Plaintiff, a prisoner in the Michigan State correctional system who may now be on parole...." On June 14, 2007, the Court sent Plaintiff a notice, at his last known address, directing him to respond to the Defendant's Motion to Dismiss on or before July 28, 2007. On July 30, 2007, that notice was returned to the Court as undeliverable.

The MDOC website, specifically the Offender Tracking Information System (OTIS), indicates that Plaintiff was paroled on February 3, 2007, and has absconded from parole.

## II. ANALYSIS

### A. Timeliness of Service

Under Fed.R.Civ.P. 4(m), service must be made upon a defendant within 120 days after filing the complaint, otherwise the complaint is subject to dismissal without

prejudice. However, Rule 4(m) also provides alternatives to dismissal:

> "...the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant *or direct that service be effected within a specified time*; provided that *if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period*." (Emphasis Added).

It is true that the complaint was served on the Defendants well beyond the 120-day period set forth in Rule 4(m). However, as a litigant who had been granted IFP status, Plaintiff was entitled to have service effect by the United States Marshal, pursuant to Fed.R.Civ.P. 4(c)(2). This Court ordered Marshal's service on April 18, 2007. The lapse of time between the granting of IFP status and the order directing service–which was itself entered after the expiration of the 120-day period–was not attributable to the Plaintiff himself. For this reason, by separate order, the undersigned has ordered that the time for service be extended to May 23, 2007, the date the complaint was actually served.

Under this Court's order extending the time for service under Rule 4(m), the complaint is timely served. Therefore, Defendants' motion to dismiss based on untimely service must be denied.

### B. Failure to Prosecute

Fed.R.Civ.P. 41(b) provides:

> "**(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

Rule 41(b) also permits the Court to dismiss a case *sua sponte* under its inherent power: "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. Co.* 370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962); *see also Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir.1999).

In the case of a *pro se* litigant, "the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation." *Bunting v. Hansen,* 2007 WL 1582236, *2 (E.D.Mich.2007). Nonetheless, because defendants are entitled "to a fair and timely resolution of the litigation . . . *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Id.*; *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991).

Under *Knoll v. American Telephone & Telegraph Co.*, *supra,* a court should generally consider four factors in deciding whether to dismiss under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." Although

here, Plaintiff has not received warnings or less drastic sanctions[1], his failure to inform the Court or Defendants of his present whereabouts, along with the fact that he has absconded from parole, shows that he has effectively abandoned his case. Absconding from parole and failing to inform the Court of where he resides may be considered "willfulness, bad faith and fault." In addition, it is clear that because of the Plaintiff's decision to go underground, the Defendants will be prejudiced. They will be stymied in any attempt at discovery, and a "fair and timely resolution of the litigation" will be impossible in the Plaintiff's absence.

Therefore, this Court should *sua sponte* dismiss the complaint under Rule 41(b), for Plaintiff's failure to prosecute.

### III. CONCLUSION

For these reasons, I recommend that Defendants' Motion to Dismiss for Failure to Timely Serve Complaint [Docket #11] be DENIED.

I further recommend that, pursuant to Rule 41(b), the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard*

---

[1] It would, of course, be futile to impose lesser sanctions, since the Plaintiff's decision to abscond from parole precludes him getting notice of those sanctions.

*v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: October 11, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 11, 2007.

s/Susan Jefferson
Case Manager